**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:23-cr-20174-LVP-DRG |
| | ) | |
| | ) | Hon. Linda V. Parker |
| | ) | |
| STERLING BANCORP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STERLING BANCORP, INC.'S  UNOPPOSED MOTION TO FILE UNDER SEAL

Pursuant to Local Rules 1.1(c) and 5.3(b), Defendant Sterling Bancorp, Inc. (the "Company") respectfully moves to file the attached Motion for Clarification Regarding Judgment, or in the Alternative, Modification of Judgment (the "Motion") under seal.  The United States has informed undersigned counsel that it does not oppose the Company's motion to seal the Motion.

### I.    Law

#### A.  Local Rule 5.3(b)

Under Local Rule 5.3(b), the party making a motion to seal an item not authorized to be sealed by statute or rule, must provide:

(i) An index of documents which are proposed for sealing and, as to each document, whether any other party objects;

(ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;

(iii) whether the proposed sealed material was designated as 'confidential' under a protective order and by whom;

(iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;

1

(v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit. The redacted version must be clearly marked by a cover sheet or other notation identifying the document as a "REDACTED VERSION OF DOCUMENT(S) TO BE SEALED"; and

(vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. Under this section the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order. The unredacted version must be clearly marked by a cover sheet or other notation identifying the document as an "UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR 5.3(b)(3)(B)(iii)." The unredacted version must clearly indicate, by highlighting or other method, the portions of the document which are the subject of the motion.

E.D. Mich. L.R. 5.3(b)(3)(A).

## B. Legal Authority Justifying Filing Under Seal

Pursuant to the Federal Rules of Criminal Procedure, a court may order that a filing be made under seal. Fed. R. Crim. P. 49.1(d). Although the Sixth Circuit has long recognized a presumptive right of the public to inspect judicial documents and files, *see, e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016), a court may limit access to court records "where court files might become a vehicle for improper purposes." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (quoting *Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978)). For example, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Id.* Such information includes: (1) trade secrets, *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 785 (E.D. Mich. 2019); (2) information that reveals internal strategy or processes to a litigant's competitors, *Nelms v. Wellpath, LLC*, No. 21-10917, 2023 U.S. Dist. LEXIS 57298, at *5-6 (E.D. Mich. Mar. 31, 2023); (3) information that could inflict financial harm, *see Counts v. GM, LLC*, No. 16-CV-12541, 2021 U.S. Dist. LEXIS 193700, at *9 (E.D. Mich. Mar. 15, 2021);

and (4) information that could harm a litigant during negotiations with third parties, *see Toole v. Lakeshore Ear, Nose, & Throat Ctr., P.C.*, No. 21-11850, 2023 U.S. Dist. LEXIS 96869, at *42-43 (E.D. Mich. June 2, 2023).

## II.   Discussion

### A.  Local Rule 5.3(b)

Pursuant to Local Rule 5.3(b), the Company notes that (1) the Motion is the only document it proposes to file under seal; (2) the United States has advised undersigned counsel that it does not oppose filing the Motion under seal; (3) the Company is not aware of any non-party or third-party privacy interests that may be affected if the Motion were to be filed publicly on the record; and (4) the Motion has not been designated as "confidential" under any protective order.  E.D. Mich. L.R. 5.3(b)(3)(A).

### B.  Argument Justifying Filing Under Seal

Here, the Company's interest in filing the Motion under seal clearly outweighs the public's interest in accessing the record. ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████  The Company is publicly traded, and the information contained in the Motion constitutes material, non-public information. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

3

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████    Thus, while there is a presumption of openness

in court records, this presumption is overcome by the Company's and ████████████████ need

for confidentiality, *see Nelms*, 2023 U.S. Dist. LEXIS 57298, at *5-6; *Toole*, 2023 U.S. Dist.

LEXIS 96869, at *42-43.

### III.   Conclusion

For the aforementioned reasons, the Company respectfully requests leave to file the Motion

under seal.

Dated: July 3, 2024            By: */s/ James W. Cooper*

                              James W. Cooper (pro hac vice)
                              Kevin M. Toomey (pro hac vice)
                              ARNOLD & PORTER KAYE SCHOLER, LLP
                              601 Massachusetts Ave, NW
                              Washington, DC 20001-3743
                              Telephone: (202) 942-5000
                              James.W.Cooper@arnoldporter.com
                              Kevin.Toomey@arnoldporter.com

                              *Counsel for Sterling Bancorp, Inc.*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    v.    )    No. 2:23-cr-20174-LVP-DRG
    )
    )    Hon. Linda V. Parker
    )
STERLING BANCORP, INC.,    )
    )
    Defendant.    )

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, the foregoing document was electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.


*/s/ James W. Cooper*
James W. Cooper